UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARRO DEWILQUIT VIRGIL,

        Plaintiff,

                                           Case No. 4:06-cv-21

v.                                           Hon. Wendell A. Miles

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

                                                   /

OPINION AND ORDER

        Plaintiff Charro Virgil filed this action for judicial review of the final decision of the Commissioner of Social Security that Plaintiff was not entitled to Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. 42 U.S.C. §§ 416(I), 423. On January 25, 2007, United States Magistrate Judge Ellen S. Carmody submitted a Report and Recommendation, (docket #11), recommending that the Commissioner of Social Security's decision be affirmed. Plaintiff filed objections to the Magistrate Judge's Report and Recommendation. (Docket #12). For the reasons that follow, the Court overrules Plaintiff's objections, and adopts the Report and Recommendation of the Magistrate Judge in its entirety.

Standard of Review

        When objections have been made to a magistrate judge's report and recommendation, the district court's standard of review of the report and recommendation is *de novo*. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1). Judicial review of a final decision regarding disability benefits is limited to determining whether the findings are supported by substantial evidence and whether

the correct law was applied.  Warner v. Comm'r of Soc. Sec., 375 F. 3d 387, 390 (6th Cir., 2004). There is substantial evidence when a "'reasonable mind might accept'" the relevant evidence "'as adequate to support a conclusion.'"  Id. quoting Kirk v. Sec. of Health & Human Servs., 667 F. 2d 524, 535 (6th Cir. 1981).  If there is substantial evidence supporting the Commissioner's decision, the court must defer to the decision "'even if there is substantial evidence in the record that would have supported an opposite conclusion . . . .'" Id., quoting Wright v. Massanaari, 321 F. 3d 611, 614 (6th Cir. 2003).  The court may not make credibility determinations or resolve conflicts in the evidence.  Walters v. Comm'r of Soc. Sec., 127 F. 3d 525, 528 (6th Cir. 1997). Even if the court "were to agree with a plaintiff that benefits were justified," the court "is not permitted to reverse an administrative determination if substantial evidence supports that decision.  Kuhn v. Comm'r. of Soc. Sec., 124 F. App'x 943, 947-48, 2005 WL 513488, *5 (6th Cir. 2005).

## Background

Plaintiff filed an application for benefits claiming she became disabled on April 1, 2000 (Tr. 43-45), due to lupus and rheumatoid arthritis. (Tr. 43-45, 64).   Her application was initially denied.  She requested a hearing before an Administrative Law Judge (ALJ), and on July 19, 2004, the ALJ found that Plaintiff was not disabled. (Tr. 14-23).  At the time of the ALJ's decision, Plaintiff was 26 years old, had a high school education and previous work experience as a landscaper, painter, cook, and housekeeper.  (Tr. 14, 65, 73-77).  The ALJ found that Plaintiff suffers from the severe impairments of borderline intellectual functioning and lupus, (Tr. 18), and that she was unable to perform her past relevant work. (Tr. 20).  He further found that Plaintiff retained the residual functional capacity to perform light work, which

involves lifting no more than 20 pounds with frequent lifting and carrying of objects weighing up to 10 pounds, and walking or standing approximately 6 hours of an 8 hour day.  The ALJ concluded that Plaintiff's residual functional capacity was limited by: (1) ability to stand for only 20 minutes at a time and no more than a total of 2 hours a day, (2) ability to sit for 6 hours of an 8 hour work day, (3) inability to crawl, climb, squat, or kneel, and (4) inability to be exposed to loud noise.  (Tr. 19).   A vocational expert testified that there were approximately 37,500 jobs that a person with Plaintiff's residual functional capacity and additional limitations could perform.  (Tr. 555-57).   The ALJ's decision became final when the Appeals Council declined to review the decision. (Tr. 5-8).

Plaintiff argues that the ALJ did not properly analyze the effects of Plaintiff's illnesses in accordance with SSR 96-7p.  She further claims that the combination of her lupus, chronic pain and depression render her disabled.

In April 2000, Plaintiff began to experience pain and inflamation in her hips and SI area (Tr. 278).  Rheumatologist Dr. James Taborn concluded that "lupus seemed to be the diagnosis that most clearly explained [Plaintiff's] clinical picture."[1]  Plaintiff participated in physical therapy from June 9, 2000 through July 14, 2000.  In June 2000, Plaintiff reported that her pain was improving.  (Tr. 206, 213).  A magnetic resonance imaging (MRI) brain scan performed on June 2, 2000 was normal.  (Tr. 225).  A June 22, 2000 examination by Dr. Taborn revealed swelling in the knees and pain on hip rotation, but was otherwise normal.  The doctor prescribed Tylenol or ibuprofen.  (Tr. 278).  In July 2000, Dr. Taborn reported "mild low back discomfort"

---

[1]Lupus is a chronic inflammatory disease that can affect various parts of the body, including the joints. Arthralgia (aching joints) and swollen joints are common symptoms.  Lupus Foundation of America, Inc., http://www.lupus.org/education.

3

with hip rotation, but otherwise normal findings. (Tr. 276). On August 3, 2000, August 18, 2000, and September 28, 2000, Plaintiff reported that she was feeling well, with no pain complaints. (Tr. 196, 197, 198).

Plaintiff reported some hip pain on May 10, 2001, which the doctor concluded was related to her pregnancy. (Tr. 193). In October 2001 and April 2002, Plaintiff complained of bilateral hip pain. (Tr. 192, 185). She exhibited mildly limited range of motion and no significant tenderness. Dr. Chang recommended that she perform stretching and range of motion exercises (Tr. 192), and take ibuprofen and use a heating pad. (Tr. 185). During an examination in August 2002, Plaintiff walked with a steady gait, could squat and recover, and could heal and toe walk without difficulty. Straight leg raising was negative, strength was normal, and there was minimal tenderness in her lower spine. (Tr. 179-182).

Plaintiff reported on September 24, 2002, that she cares for her two children, cooks, does housework and laundry, shops, reads, and watches television. (Tr. 90-91). At her hearing before the ALJ in September 2004, Plaintiff stated that she could stand for 10 minutes, sit for 20 minutes, walk a block or two, and lift/carry 10-15 pounds. (Tr. 540-42). She has no side effects from her medications. (Tr. 540). She also testified that she experiences "a lot" of flare-ups of her lupus, which are so severe she cannot walk for up to a week. (Tr. 544).

The court agrees with the magistrate judge that the medical evidence and Plaintiff's reported activities constitute substantial evidence that Plaintiff maintained the residual functional capacity to engage in light work with certain limitations. The medical evidence and Plaintiff's activities do not demonstrate Plaintiff's conditions resulted in restrictions beyond those found by the ALJ. Accordingly, substantial evidence supported the ALJ's finding that Plaintiff retained

the capacity to perform the exertional demands of a limited range of light work.

Plaintiff also argues that the ALJ did not properly analyze the effects of her conditions in accordance with Social Security Ruling 96-7p. Social Security Ruling 96-7p governs the evaluation of cases involving chronic fatigue syndrome (CFS). The magistrate judge concluded that because there was no evidence that Plaintiff suffers from CFS, Social Security Ruling 96-7p was not relevant to this case. The court agrees. Plaintiff has not been diagnosed with CFS, nor is she receiving treatment for the condition. According to Social Security Ruling 96-7p, CFS is a systemic disorder causing persistent or relapsing chronic fatigue and manifested by symptoms varying in incidence, duration and severity of: sore throat; tender cervical or axillary lymph nodes; muscle pain; joint pain without swelling or redness; headaches of a new type, pattern, or severity; unrefreshing sleep; postexertional malaise lasting more than 24 hours; persistent, reproducible muscle tenderness on repeated examinations, including the presence of positive tender points; sleep disturbances; visual difficulties; and lightheadedness. Laboratory findings may include an elevated antibody titer to Epstein-Barr virus and/or an abnormal MRI brain scan. There are no laboratory findings related to the Epstein-Barr virus, and Plaintiff's MRI brain scan was normal. Moreover, the record does not reveal that Plaintiff experienced the complex of symptoms associated with CFS. Accordingly, Social Security Ruling 96-7p was not applicable to Plaintiff's case, and the ALJ did not fail to apply the correct law.

## Conclusion

The Court has performed a *de novo* consideration of those portions of the Report and Recommendation to which objection has been made, and finds that the Magistrate Judge reached the correct conclusion in the Report and Recommendation. Accordingly, the Court

OVERRULES the Plaintiff's objections (docket #12), ACCEPTS AND ADOPTS the Magistrate Judge's Report and Recommendation (docket #11), and affirms the decision of the Commissioner of Social Security.

So ordered this 28th day of March, 2007.

                                                      /s/ Wendell A. Miles
                                                     Wendell A. Miles
                                                     Senior U.S. District Judge